**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ALDEN WOOD, | CIVIL ACTION NO. 09-3973 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| I-FLOW CORPORATION, et al., |  |
| Defendants. |  |

**THE COURT**, inter alia, ordered the defendants to show cause why this action should not be remanded for lack of subject matter jurisdiction under 28 U.S.C. § ("Section") 1332 ("Order to Show Cause"). (Dkt. entry no. 15, 8-27-09 Order & Notice & Order to Show Cause ("OTSC").) Familiarity with the contents of the Order to Show Cause is assumed here. (Id. at 10-13.)

**THE DEFENDANT** McKinley Medical, LLC ("MMLLC") is deemed to be a citizen of Colorado, California, and Texas. (See dkt. entry no. 28, 9-11-09 MMLLC Resp. at 5-6; dkt. entry no. 31, 9-14-09 MMLLC Resp. at 1-2; dkt. entry no. 33, 9-14-09 MMLLC Supplemental Resp. at 5-6; id., Ex. A, MMLLC Aff. at 5; 9-14-09 MMLLC Resp. Submitted for In Camera Review at 5.)

**THE PLAINTIFF HEREIN** is a Texas citizen. (See dkt. entry no. 1, Rmv. Not. at 3; id., Compl. at 3.) MMLLC is deemed to be a citizen of, among other states, Texas. (See MMLLC Aff. at 5.) Jurisdiction under Section 1332 does not exist here, as each defendant — i.e., MMLLC — is not deemed to be a citizen of a

different state in relation to the plaintiff.  See 28 U.S.C. § 1332(a)(1).  The action will be remanded.  The Court will issue an appropriate order and judgment.[1]

                      s/ Mary L. Cooper
                      **MARY L. COOPER**
                      United States District Judge

Dated:    September 17, 2009

---

[1] The Order to Show Cause (1) was issued in thirty-four actions before the Court, thirty-one of which remain viable, and (2) cited Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192 (3d Cir. 2007), which states that the citizenship of a trust is determined by the citizenship of each trustee and beneficiary. Id. at 203, 205. (See OTSC at 12.)  Two of MMLLC's members are trusts.  The initial response of MMLLC's counsel failed to allege the citizenship of each trustee and beneficiary, thereby requiring the Court to so advise counsel separately. MMLLC's counsel thereafter failed to assert whether jurisdiction indeed existed in any of the viable actions, thereby requiring the Court to review each action.  The Court discovered that jurisdiction was lacking in this action in that review.  The Court does not appreciate being required to unnecessarily expend judicial resources in (1) issuing the Order to Show Cause, (2) contacting counsel separately, and (3) again reviewing each complaint in thirty-one actions.